## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WANDA HOPKINS**                                                   **CIVIL ACTION**

**VERSUS**                                                          **NO.  06-5022**

**MARLIN GUSMAN, IN HIS CAPACITY AS**          **SECTION  "N"(4)**
**CRIMINAL SHERIFF OF ORLEANS PARISH, AND**
**RICHARD L. STALDER, SECRETARY OF**
**DEPARTMENT OF PUBLIC SAFETY AND**
**CORRECTIONS FOR THE STATE OF LOUISIANA**

### REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss Defendant Secretary Richard Stalder (Rec. Doc. No. 8)** filed by defendant, Secretary Richard Stalder, seeking dismissal of the claims against him in his individual capacity.  The motion was referred to the United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing, if necessary and submit Proposed Findings and Recommendations for disposition  pursuant to **Title U. S.C. § 636(b)(B) and (C)**.

**I.      Factual Background**

**A.      The Complaint**

In her complaint, Wanda Hopkins alleges that on March 25, 2005, she was arrested on federal charges of conspiracy to possess with intent to distribute cocaine hydrochloride.  She was housed in the Orleans Parish Prison system during the events of which she complains.  She has filed suit against

the defendants Marlin Gusman, in his capacity as Orleans Parish Criminal Sheriff, and Richard L. Stalder, in his capacity as Secretary of the Department of Public Safety and Corrections.

Hopkins alleges that, notwithstanding the state of emergency declared by the Governor of Louisiana and the mandatory evacuation ordered by the Mayor of New Orleans, the defendants failed to implement an evacuation plan for the facility where she was housed. She also alleges that no provisions were made to provide food, water, clothing, bedding, sanitary facilities or medications to her between August 26, 2005, and August 31, 2005. Hopkins further alleges that the air conditioner was turned off and she stopped receiving food and water on August 27, 2005. She also claims that the attending sheriff's deputies abandoned her and the other inmates housed in her cell.

Hopkins further alleges that the defendants, acting under color of state authority, violated state and federal laws when they acted intentionally and with deliberate indifference in doing the following: abandonment; failure to have an emergency operations plan; fail to follow an emergency operations plan; intentional and/or negligent infliction of cruel, inhumane and unjustified punishment and imprisonment; intentional and/or negligence infliction of mental anguish and emotional distress; intentional and/or negligent failure to provide food, water, clean clothes, bedding, sanitary facilities, medications, and medical treatment; and intentional indifference. Hopkins claims that the defendants' acts violated the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, in violation of Title 42 U.S.C. § 1983. She further alleges that their actions and inactions were done intentionally and with malice or reckless disregard for and intentional indifference to her federally protected rights and rights under state law.

She alleges that this intentional and wanton behavior precludes the defendants from obtaining immunity from suit under La. Rev. Stat. Ann. § 9:2798.1 or protection from liability under La. Rev. Stat. Ann. § 29:735. She seeks to recover compensatory and punitive damages and attorney's fees.

2

> **B.**   <u>**Stalder's Motion to Dismiss**</u>

Stalder has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of the claims against him in his individual capacity.  Stalder alleges that the plaintiff, as a federal pretrial detainee, was not in the custody of the DOC nor would she be if convicted.  He therefore argues that the plaintiff can not establish any connexity between Stalder personally and individually and the plaintiff's claims.  For this reason, Stalder seeks dismissal of the claims against him in his individual capacity under the doctrine of qualified immunity under both federal and state law.

The plaintiff opposed the motion alleging that further discovery is needed to better frame her claims against Stalder in his individual capacity.  She therefore requests additional time to conduct discovery on the qualified immunity issue and/or leave to file a reply pursuant to Fed. R. Civ. P. 7(a) and *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir.1995)(en banc).

**II.**   <u>**Standard of Review for a Motion to Dismiss**</u>

Under Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint if it fails to state a claim upon which any relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).  In considering the motion, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief.  *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint.  However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990).

Finally, while conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b)(6) motion to dismiss, such motions are viewed with disfavor and are rarely granted.  *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

## III.   <u>Analysis</u>

Stalder seeks dismissal of any claims brought against him in his individual capacity for failure to state a claim and/or qualified immunity.  In general, suits against government officials are brought against them in either their individual capacity or official capacity, or both.  Individual capacity suits are brought to impose personal liability against the officer for actions taken under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Official capacity suits are actually a way of pleading against the entity the officer represents.  *Id*.  Government officers are often entitled to an immunity defense against civil damages to avoid distracting the officers from their discretionary duties out of fear of civil reprisals.  *See Geter v. Fortenberry*, 849 F. 2d 1550 (5th Cir. 1988); *see also Imbler v. Pachtman*, 424 U.S. 409, 423 (1976) (absolute immunity for district attorney insures independence of judgement).   In achieving this goal, the qualified immunity defense is available only in the individual capacity suits and not in official capacity suits.  *Graham*, 473 U.S. at 167.

Some federal courts have held that a § 1983 plaintiff must designate the capacity in which the defendant is being sued.  *Hafer v. Melo*, 502 U.S. 21, 24 n.* (1991) (citing *Wells v. Brown*, 891 F.2d 591, 592); *see also Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir.1999).  If no designation is made, the defendant is deemed to be sued in his official capacity.  *Soper*, 195 F.3d at 853.

In the Fifth Circuit, "the allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action."  *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir.1973) (looking to complaint to determine nature of plaintiff's claim in section 1983 case).  On the other hand, when the complaint is not clear whether the defendant is named in his individual or official capacity,

the Court must look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued. *See United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2000) (finding course of proceedings indicated that defendant was sued solely in official capacity because plaintiff never challenged assertion made by defendant in motion to dismiss that defendant was sued in official capacity); *see also*, *Drabek v. Larson*, 7 F.3d 229 (5th Cir. 1993).

In this case, the Court need not look beyond the complaint to see the capacity alleged.  A reading of the Complaint demonstrates that Stalder was named only in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections.   At Paragraph 2 of the Complaint, the plaintiff first names Stalder as a defendant and describes him as follows:

> The defendant, Richard L. Stalder at all relevant times herein was acting *in his capacity as Secretary* for the Department of Public Safety and Correction[s] for the State of Louisiana.

(emphasis added)  Rec. Doc. No. 1, p. 1, ¶2.

The plaintiff further outlines Stalder's actions or inactions as being carried out under color of state law, in his official capacity, and pursuant to custom, practice, and policies, in Paragraph 6 of the Complaint, which reads in relevant part as follows:

> Prior to, during, and after Hurricane Katrina, the defendants named herein, or each of them, acting under the color of state law, ordinance, proclamation, regulation, statute or usage, and *official capacity*, and in furtherance of unlawful and unconstitutional custom, practice, and policies, . . .

(emphasis added) Rec. Doc. No. 1, p.3, ¶6.

In her prayer for relief, the plaintiff refers to Stalder only "in his capacity as Secretary for the Department of Public Safety and Corrections," though she does seek "appropriate punitive damages" which would not be available from Stalder in his official capacity.[1]

---

[1]Rec. Doc. No. 1, p.4.

In addition to this, the Court notes that Hopkins concedes that she is depending solely on discovery to "determine the exact actions or inactions of Richard Stalder" and "what exact role defendant Stalder" had in the plight faced by Hopkins.[2]  These arguments suggest that the plaintiff has not formulated a basis on which to sue Stalder in his individual capacity.  Instead, he is named solely as the Secretary of the DOC with any personal actions to be determined later.  The plaintiff concedes in her opposition that she "has not had the opportunity to plead facts specific as to how Stalder has violated her constitutional rights."  These statements confirm that, at least at this time, there are no claims against Stalder in his individual capacity in the plaintiff's complaint.

The United States Supreme Court has stated that, when looking at a § 1983 complaint,  "the phrase 'acting in their official capacities' is best understood as a reference *to the capacity in which the state officer is sued*, not the capacity in which the officer inflicts the alleged injury." (emphasis added) *Hafer*, 502 U.S. at 26; *New Orleans Towing Ass'n v. Foster*; 248 F.3d 1143 (5th Cir. 2001).  Hopkins has named Stalder in his "capacity as Secretary of the Louisiana Department of Corrections," i.e. his official capacity, which is understood to be "the capacity in which the state officer is sued." *Hafer*, 502 U.S. at 26.

Stalder, therefore, has presented the Court with a motion to dismiss claims which are not pleaded.  Dismissal under Fed. R. Civ. P. 12(b)(6) is limited to consideration of those "well pleaded" matters appearing in the complaint.  *See Baker*, 75 F.3d at 196.  The Court cannot evaluate whether claims not appearing in Hopkins's Complaint should be dismissed under the standards of Fed. R. Civ. P. 12(b)(6).

---

[2]Rec. Doc. No. 27.

Accordingly, the Court has no basis on which to grant the defendant's motion. Stalder can urge an appropriate motion should the plaintiff add or attempt to add claims against him in his individual capacity.

## IV.   Recommendation

It is therefore **RECOMMENDED** that the **Motion to Dismiss Defendant Secretary Richard Stalder (Rec. Doc. No. 8)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____29th____ day of ____July_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

7