UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA HOPKINS | CIVIL ACTION |
| VERSUS | NO. 06-5022 |
| MARLIN GUSMAN, ET AL | SECTION "N" (4) |

# **O R D E R**

    Before the Court are the objections of Richard Stalder, Secretary of the Louisiana Department of Public Safety and Corrections ("Stalder"), to the Magistrate Judge's Report and Recommendation of July 29, 2007, wherein she recommended the denial of Stalder's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6).

    The underlying facts are as stated in the Report and Recommendation, and need not be recited herein.  Stalder makes the following objections, and the Court rules on those objections as follows:

    **1.**    **Individual Versus Official Capacity**

    The Magistrate Judge found that, based on her review of the Complaint, all claims asserted against Stalder herein pertain to his actions in his official capacity, and no allegations are made against him individually.  The Magistrate Judge further noted, and it appears undisputed, that the

1

Motion to Dismiss is directed to all claims asserted against Stalder *in his individual capacity*. Because she could not identify any claims made against Stalder in his individual capacity, the Magistrate Judge stated: "Stalder, therefore, has presented the court with a motion to dismiss claims which are not pleaded." (R&R, p. 6) The Magistrate Judge further concluded: "Stalder can urge an appropriate motion should the plaintiff add or attempt to add claims against him in his individual capacity." (R&R, p. 7)

The Court finds no error in the Magistrate Judge's report of Stalder's Motion to Dismiss the non-existent individual claims, and this objection is **OVERRULED**. Simply put, the Court cannot grant relief against claims which have not been plead, and which can only be plead through an amendment of the Complaint in the future, at which time Stalder may re-urge the Motion to Dismiss on the grounds asserted.

### 2. Dismissal of State Law Claims

The Magistrate Judge did not differentiate between federal and state law claims asserted against Stalder in his official capacity.[1] Stalder contends that he is immune from any such state law claims pursuant to La. R.S. 29:735 and also La. R.S. 9:2798.1. In ¶ 11 of her Complaint, plaintiff contends that this statutory immunity is unconstitutional, and thus the claims she describes in ¶ 8 as "rights under state law" should be enforced.

---

[1]In fact, nowhere in the Report and Recommendation are state law claims discussed separately, however, the Magistrate Judge does state: "Stalder seeks dismissal of *any claims* brought against him in his individual capacity for failure to state a claim and/or qualified immunity." (emphasis added) (R&R, p. 4)

Stalder's objection to the Magistrate Judge's Report and Recommendation on this ground is **OVERRULED**, for the same reasons set forth hereinabove. The Motion to Dismiss all state law claims purportedly asserted in the Complaint was directed to claims asserted against Stalder in his individual capacity. Considered independently of the claims asserted under § 1983, the nonexistence of such claims still suggests a denial of the motion is proper. Accordingly, for the sake of clarity, the Court will **AMEND** the Report and Recommendation to include within the denial of the Motion to Dismiss any such state law claims purportedly asserted against Stalder in his individual capacity.

### 3.     The Necessity of Further Pleadings

Lastly, Stalder contends that, if the screening requirements of 28 U.S.C. § 1915A were met, the § 1983 claims would be dismissed, and that the Court should have done so *sua sponte*.

Initially, although the undersigned agrees with the Magistrate Judge's general direction that further motion practice would result in the dismissal of claims against Stalder in his *official* capacity, there does not appear in the record to be a review of the original Complaint under 28 U.S.C. § 1915A. The Court notes, however, that such a review was not urged by Stalder in the Motion to Dismiss filed before the Magistrate Judge, nor apparently was any argument offered until the objections were filed before the undersigned. Accordingly, the objection is **OVERRULED**, subject, of course, to the Magistrate Judge's consideration of an evaluation of the plaintiff's Complaint under § 1915A, and making a report and recommendation on this issue in due course.

## CONCLUSION

For the above-stated reasons, the Report and Recommendation of the Magistrate Judge denying Stalder's Motion to Dismiss federal claims asserted against him in his individual capacity is **ADOPTED**, Stalder's objection is **OVERRULED**, and the Motion to Dismiss is **DENIED**; Stalder's objection to the Magistrate Judge's Report and Recommendation denying Stalder's Motion to Dismiss as it relates to state law claims is **OVERRULED**, and the Report and Recommendation is **AMENDED** to include state law claims purportedly asserted against Stalder in his *individual* capacity, and **ADOPTED AS AMENDED,** and the Motion to Dismiss such claims is **DENIED**; and further, the Court declines to consider an evaluation of the plaintiff's Complaint under 28 U.S.C. § 1915A, and **OVERRULES** that objection, but rather **REFERS** that issue as well to the Magistrate Judge for further evaluation, and report and recommendation, in due course.

New Orleans, Louisiana, this 17th day of August, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**